IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIAGIO RAVO and ENRICO NICOLO, | )  Civil Action No. |
| Plaintiffs, | )  Pittsburgh Division |
| v. | ) |
| COVIDIEN PLC, | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Biagio Ravo and Enrico Nicolo, through their counsel, Cohen & Grigsby, P.C., file the following Complaint against Defendant, Covidien PLC, alleging as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Biagio Ravo is an adult individual who resides at Via Delle Ortensie, 4 Rocca Di Papa, Roma, Italy 00040 and works at the Rome American Hospital located at Via Emilio Longoni, 69 Roma, Italy 00155.

2. Plaintiff Enrico Nicolo is an adult individual who resides at 515 Timber Lane, Jefferson Hills, Allegheny County, Pennsylvania 15025 and is a retired surgeon.

3. Upon information and belief, Defendant Covidien PLC ("Covidien") is public limited corporation incorporated in Ireland with its principal executive offices at 20 on Hatch, Lower Hatch Street, Dublin 2, Ireland and with its U.S. headquarters located at 15 Hampshire Street, Mansfield, Massachusetts, 02048.

4. Plaintiffs' United States patent infringement claims arise under 35 U.S.C. § 271.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 for claims arising under the patent laws.

6. On information and belief, Covidien is doing business and committing acts of

infringement in this judicial District and is subject to personal jurisdiction in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## General Averments

A. **The Plaintiffs**

8. Dr. Ravo is a surgeon who is named as an inventor on eleven issued United States patents, has published many articles relating to his medical field, and has given numerous speeches to his fellow surgeons. Dr. Ravo has held numerous medical positions in the United States and Italy.

9. Dr. Nicolo is a general surgeon who is named as an inventor on nine issued United States patents, has published numerous chapters in books, and has given numerous speeches on subjects such as hernias, breast cancer, historical data relating to hernia repair, the use of mechanical devices, and the history of intestinal anastomosis. Dr. Nicolo formerly was Assistant Clinical Professor of Surgery at the University of Pittsburgh Medical Center, on the teaching staff of the Family Practice Residency Program at the University of Pittsburgh Medical Center – McKeesport, and was the Medical Director at the Kane Regional Medical Center-McKeesport. Dr. Nicolo previously was the President of the Pittsburgh Surgical Society, and is the Secretary of the International College of Surgeons – US Section.

B. **The Patent-In-Suit**

10. Inventors Biagio Ravo and Enrico Nicolo filed the application for U.S. Patent No. 6,117,148 (hereinafter, the "'148 Patent"), entitled "Intraluminal Anastomotic Device," on October 16, 1998. A true and correct copy of the '148 Patent is attached as Exhibit A. The application claimed the benefit of their United States Provisional Patent Application Serial No. 60/062,281, which they filed on October 17, 1997. The United States Patent and Trademark

1716441_1.DOC

Office duly and legally issued the '148 Patent on September 12, 2000 with twenty claims.

11. Plaintiffs Dr. Ravo and Dr. Nicolo are the owners of all right, title and interest in and to the '148 Patent. Dr. Ravo and Dr. Nicolo previously asserted infringement of the '148 Patent in this Court in 2004 against Ethicon Endo-Surgery, Inc. This Court's construction of the claims of the '148 Patent in that action is reported at Ravo v. Ethicon Endo-Surgery, Inc., 2005 U.S. Dist. LEXIS 28382 (W.D. Pa. (November 17, 2005)). That lawsuit was settled prior to trial.

12. The '148 Patent relates to a surgical device to resect and reconstruct a hollow viscus, such as a colon, without exposing the dirty content to the clean cavity achieved before the resection is completed. The '148 Patent discloses multiple embodiments of the invention.

13. The surgical tool of a preferred embodiment of the invention in the '148 Patent is similar to end-to-end anastomosis staplers currently used in conventional colon resection and anastomosis techniques. (Ex. A, Col. 2, lines 65-67). The disclosed surgical tool may be introduced into the bowel through the anus. The surgical tool 10 may also be introduced into the mouth or any other hollow viscus opening. (Ex A, Col. 3, lines 2-4).

14. In a preferred embodiment of the invention, conventional operative controls are positioned at one end of the tool for control and operation by the surgeon. (Ex. A, Col. 3, lines 4-6). Similar to conventional flexible and rigid surgical staplers, the surgical tool disclosed in the '148 Patent includes a substantially cylindrical housing extending from the handle at the distal end to the operative end of the surgical tool. (Ex. A, Col. 3, lines 6-9). The cylindrical housing 12 may be flexible or rigid. A central post extends from the housing substantially along the centerline of the housing. An anvil member which can be moved longitudinally relative to the central post and can be controlled from below by an appropriate control. (Ex. A, Col. 3, lines 10-17). The device includes a both a blade (or knife) and a stapler. (Ex. A, Col. 3, lines 18-30).

15. In the operation of a device of a first embodiment disclosed in the '148 Patent, the surgical tool is positioned into the bowel through the anus. (Ex. A, Col. 3, lines 55-58). The bowel is attached to the central post, such as by tying the bowel portion to the central post with a ligation member. (Ex. A, Col. 3, line 66 through Col. 4, line 2). The ligation member may be a conventional suture thread, a flexible band or the like. (Ex. A, Col. 4, lines 3-5). The '148 Patent alternatively discloses the use of thread (sutures) with a tightenable noose and sheath to constrict the tissue against the central rod. (Ex. A, Col. 6, line 61 through Col. 7, line 9).

16. Following the ligation of the central bowel to the central post, the central post is moved relative to the annular housing a distance approximately equal to one-half the length of the portion to be resected. This movement may be accomplished by retraction of the central post relative to the housing or by advancement of the housing relative to the central post. (Ex. A, Col. 4, lines 10-18). In this manner, the segment to be removed will be drawn within the annular housing and the cut mesentery will be drawn into a position proximate each other. The section drawn in to the tool may then be stapled, cut, and the cut portion may be removed with the tool. (Ex. A, Col. 4, lines 24-65).

C.  **The Infringing Products**

17. Covidien currently markets and sells in this district, throughout the United States, and elsewhere in the world, a product it refers to as the EEATM Hemorrhoid & Prolapse Stapler.

18. On information and belief, Covidien's EEATM Hemorrhoid & Prolapse Staplers are manufactured in the United States.

**COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,117,148**

19. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 18 of this Complaint as if set forth fully herein.

1716441_1.DOC

20. Covidien has infringed, actively induced and contributed to the infringement of at least claims 1-5, 11-13, and 15-17 of the '148 patent by making, using, offering for sale, selling, importing, or causing to be sold, in this judicial district and elsewhere in the United States, at least the EEATM Hemorrhoid & Prolapse Stapler.

21. Covidien has infringed these claims of the '148 Patent willfully and deliberately.

22. As a result of Covidien's willful and deliberate infringement of claims 1-5, 11-13, and 15-17 of the '148 Patent, Plaintiffs have suffered irreparable harm and, if such acts are not enjoined, will continue to suffer irreparable harm. Plaintiffs have no adequate remedy at law, and are entitled to an injunction prohibiting Covidien from infringing the '148 Patent.

23. As a result of Covidien's willful and deliberate infringement of the '148 Patent, Plaintiffs have been damaged in an amount to be determined at trial but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Biagio Ravo and Enrico Nicolo, request that this Court enter judgment in their favor and against Defendant, Covidien PLC, and award the following relief:

a. Adjudging and decreeing that Plaintiffs are the owners of the '148 Patent and that Plaintiffs have the right to sue and to recover for infringement thereof;

b. Adjudging and decreeing that the '148 Patent is valid and enforceable;

c. Adjudging Defendant to have infringed, actively induced infringement of, and contributed to the infringement of the '148 Patent and to have done so willfully and deliberately;

d. Decreeing that Defendant be preliminarily and permanently enjoined from any further infringement of the '148 Patent;

e. Awarding to Plaintiffs damages of not less than a reasonable royalty for

infringement of the '148 Patent, and that such damages be increased three times, pursuant to 35 U.S.C. § 284;

    f.    Adjudging the patent infringement case brought by Plaintiffs to be exceptional under 35 U.S.C. § 285 and awarding Plaintiffs interest, costs, reasonable attorneys' fees and such other relief as the Court deems just and proper;

    g.    Awarding such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues in this action triable of right to a jury.

Respectfully submitted,

COHEN & GRIGSBY, P.C.

By:   /s/ Daniel M. Darragh
    Daniel M. Darragh (Pa. ID No. 34076)
    Eric S. Newman (Pa. ID No. 89949)

625 Liberty Avenue
Pittsburgh, PA 15222-3152
Phone: (412) 297-4900
Fax: (412) 209-0672
E-mail: ddarragh@cohenlaw.com
         enewman@cohenlaw.com

Counsel for Plaintiffs,
BIAGIO RAVO and ENRICO NICOLO

Dated: December 23, 2011

Timothy R. DeWitt
24IP Law Group USA, PLLC
12 E Lake Drive
Annapolis, MD 21403
Tel: 410-212-2539
Fax: 410-295-5096
E-mail: tdewitt@24ipUSA.com

Of Counsel for Plaintiffs,
BIAGIO RAVO and ENRICO NICOLO